# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68663-1-I |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD HAYDEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 10, 2014 |
| | ) | |

PER CURIAM — Donald Hayden appeals an order granting the Department of Social and Health Services' petition for his involuntary treatment with antipsychotic medications. He contends the court lacked jurisdiction to entertain the petition because it was filed under an expired cause number. He asks this court to vacate the court's orders declaring that it had jurisdiction and granting the petition.

The State counters that the challenged orders were mistakenly entered under a 1984 criminal cause number[1] that had a statutory maximum sentence of five years. The State argues, and the record confirms, that the court and the parties believed they were proceeding under a 1977 cause in which Hayden pleaded not guilty by reason of insanity to first degree assault with a deadly weapon.[2] As we noted in Hayden's 2005 appeal, because the statutory maximum sentence for the 1977 offense is life, Hayden is

---

[1] King County No. 84-1-01573-6, taking a motor vehicle without permission.

[2] King County No. 83100. Hayden concedes that "[e]veryone in court was under the mistaken assumption that there had been an NGRI [not guilty by reason of insanity] determination in [the expired] case, and that Hayden could still be held in custody pursuant to that determination." App. Br. at 6.

subject to commitment under RCW 10.77 for life.[3] The State also correctly points out that the 180-day treatment order has long since expired and, to that extent, his current appeal is moot. The State requests that we either dismiss the appeal as moot or exercise our inherent authority to correct the clerical error on the face of the challenged orders.

Given the superior court's continuing jurisdiction under Hayden's 1977 plea, the plain clerical error in the proceedings below, and the need to ensure the accuracy of the superior court's records, we remand for correction of the clerical error so that the files in the respective causes accurately reflect the trial court's intent.[4]

Remanded for proceedings consistent with this opinion.

FOR THE COURT:

---

[3] State v. Hayden, noted at 128 Wn. App. 1066, 2005 WL 1879786, at *2 (2005).

[4] See State v. Snapp, 119 Wn. App. 614, 627, 82 P.3d 252 (2004) (where clerical error exists, record should be corrected to reflect the court's intent).